UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

PEGGY B. BROWN, )
)
PLAINTIFF, )
)
vs. ) CASE NO. 12-CV-340-FHM
)
CAROLYN W. COLVIN, Acting )
Commissioner of the Social Security )
Administration, )
)
DEFENDANT. )

## OPINION AND ORDER

Plaintiff, Peggy B. Brown, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Peggy B. Brown's application was denied initially and upon reconsideration. Plaintiff was *pro se* prior to this appeal and two hearings were held before an Administrative Law Judge (ALJ) Jeffrey S. Wolfe on March 2, 2010, and September 7, 2010. By decision dated December 21, 2010, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 11, 2012. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

For the reasons discussed below, the Court AFFIRMS the decision of the Commissioner.

## Background

Plaintiff applied for Title II disability benefits on September 26, 2008. Plaintiff was last insured for disability insurance benefits on June 30, 2003. Consequently, to obtain disability insurance benefits, Plaintiff must establish that she became disabled on or before June 30, 2003.

Plaintiff was 53 years old on the alleged date of onset of disability and 61 years old on the date of the denial decision. She has attended college and received a diploma in data processing. Plaintiff's past relevant work includes administrative assistant and bookkeeping. Plaintiff claims to have been unable to work since June 30, 2003,[2] due to

---

[2] Plaintiff's alleged onset date and date last insured is June 30, 2003.

2

neck and back problems, mitral valve prolapse, high blood pressure, and depression. [R. 258].

## The ALJ's Decision

The ALJ determined that the Plaintiff has severe impairments relating to degenerative joint disease of the cervical and lumbar spine. [R. 23]. The ALJ found that the Plaintiff has the residual functional capacity (RFC) to perform the full range of sedentary exertional work[3] as defined in 20 CFR 404.1567(a) and determined that through the date last insured, Plaintiff was capable of performing her past relevant work. [R. 24]. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the Appeals Council failed to properly consider the medical source opinions. Plaintiff also asserts that the ALJ: 1) failed to perform a proper step 4 analysis, 2) failed to consider that Plaintiff "grids out" and is disabled, and 3) failed to perform a proper credibility determination.

## Analysis

In 1996, which pre-dates the date last insured by 7 years, Plaintiff sought treatment for low back and hip pain which she reported was of long duration. [R. 591, 600]. An MRI

---

[3] Pursuant to CFR § 404.1567 sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

revealed degenerative dessication of L-5/S-1 and a small to moderate sized L-5/S-1 herniated nucleus pulposus. [R. 619].   The record reveals Plaintiff received 2 epidural injections and participated in physical therapy.  [R. 612-13, 616].  In 1997 Plaintiff used a transcutaneous electrical nerve stimulator (TENS unit) for low back pain.  [R. 588].  <u>From 1997 to April 2005 (an 8 year period of time) there is no record evidence that Plaintiff sought treatment for back pain.</u>  In April, 2005 (2 years after date last insured) Plaintiff saw Dr. Subera for back pain. [R. 485].  Four years after the date last insured, September and December 2007, respectively, Plaintiff underwent an anterior cervical microdiskectomy and lumbar fusion.  [R. 396-427]. The ALJ based his decision  finding that Plaintiff was not disabled on this evidence.

Appeals Council Consideration of Medical Source Opinion

As permitted by Social Security regulations, 20 CFR § 404.970(b), Plaintiff submitted additional medical records to the Appeals Council.  Plaintiff argues that the Appeals Council failed to properly consider the RFC prepared on June 16, 2011 by her treating physician, Dr. Layne Subera, D.O., [R. 780-783], and the mental health records from Associated Centers for Therapy (ACT) dated December 14, 2010 through June 6, 2011.  The ACT records were not included in the record, but Plaintiff appended them to her brief. [Dkt. 14, Exhibit A].

The Appeals Council stated it looked at the medical records from ACT dated June 14, 2010 to June 6, 2011 and since the ALJ's decision was through June 30, 2003, found the information is about a later time and did not affect the disability decision.  [R. 2].

The relevant regulations, 20 CFR § 404.970(b) provides as follows:

> (b) If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

Plaintiff argues that the RFC form completed by Dr. Subera which states Plaintiff has "severe pain before her 2007 cervical fusion" and "was unable to do work since about January 2003," [R. 287], was rejected by the Appeals Council without proper analysis. Plaintiff asserts that the evidence reflects that Plaintiff has seen Dr. Subera since 2003 and the Appeals Council failed to properly consider the evidence.

The earliest date of Plaintiff's treatment by Dr. Subera was January 12, 2004. [R. 467, 470].[4]  Plaintiff did not present to Dr. Subera with complaints of back pain until April 2005, almost 2 years after the date last insured. [R. 485].  The RFC prepared by Dr. Subera on June 16, 2011, was completed nearly 8 years after Plaintiff's date last insured. [R. 780-783].  Nothing on the RFC form shows that Dr. Subera's opinion was based on Plaintiff's medical information prior to June 30, 2003.  On the contrary, the objective medical evidence used by Dr. Subera in forming his opinion  post-dates the date last insured.  Based on the foregoing, the court finds no error in the Appeals Council's conclusion that Dr. Subera's RFC assessment did not provide a basis for changing

---

[4] The record bears a date of 1/12/03, but the '03 is crossed out and 04 is written in with Dr. Subera's initials.  That 2004 is the actual date is confirmed by a lab report which reflects specimens were taken on January 12, 2004. [R. 468]

the ALJ's decision.

The Appeals Council stated it looked at the ACT records dated June 14, 2010 through June 6, 2011 and determined that the information contained therein was about a time later than the June 30, 2003 date last insured and therefore does not affect the decision about whether Plaintiff was disabled as of June 30, 2003. [R. 2]. Plaintiff argues that the ACT records document the length of time Plaintiff has been treated for depression which, she argues, makes the information both new and material. [Dkt. 14, pp. 3-4].

The court finds no error in the Appeal Council's ruling that the ACT records do not affect the decision about whether Plaintiff was disabled on the date last insured, June 30, 2003.  Plaintiff has not provided any authority for the proposition that her report to a mental health provider in December 2010 or that she took a combination of medications of an unspecified dosage for depression over the previous 14 years demonstrates an inability to perform any work-related tasks as of June 30, 2003. Furthermore, Plaintiff did not allege an inability to work due to mental problems at the hearing before the ALJ.  Plaintiff testified it was back pain in 2007 that rendered her unable to work. [R. 51, 69, 79-82].  The court finds that the Appeals Council did not err by finding that the records from ACT were not new, material and chronologically relevant and not including Plaintiff's 2010 mental health records from ACT in the transcript evidence.

<u>Step 4 Analysis</u>

At step four of the evaluative sequence for disability, the ALJ considers whether the claimant is able to return to her past relevant work. The ALJ's decision must contain the foregoing specific findings of fact: 1) the individual's RFC; 2) the physical and mental demands of the past work; and 3) that the RFC would permit a return to the past work. Social Security Ruling (*SSR*) 82-62, 1982 WL 38386 at *4. Plaintiff argues that the ALJ failed to properly perform this analysis because the ALJ did not include any mental limitations in the hypothetical to the vocational expert. There is no merit to this argument. The medical record does not support the existence of any work-related mental limitations during the relevant time frame. The court finds the step four analysis is supported by substantial evidence.

<u>Application of the Grids</u>

There is no merit to the argument that the ALJ erred by failing to make a finding about the existence of transferable skills. The existence of transferable skills is relevant only if a claimant is over 55 and cannot return to past relevant work. 20 CFR Pt. 404, Subpt. P, App. 2 § 201(d).

<u>Credibility Determination</u>

The ALJ found:

> Ms. Brown's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Ms. Brown's emphasis and points of reference applied to developments subsequent to the expiration of her date last insured, June 30, 2003.

[R. 25].

The court finds that this conclusion is supported by substantial evidence as demonstrated by Plaintiff's own testimony which confirms that her impairments did not become severe until 2007, well after the June 30, 2003 date last insured:.

> ALJ: . . . So when did your physical problems begin to become difficult for you?
>
> A: . . . That was in '07 –
>
> ALJ: Okay.
>
> A. – just before the surgery, yeah.

[R. 68-69]. Plaintiff further stated:

> ALJ: [A]nd when was it, you say, "I could flat no longer function"?
>
> A. That was June of '07, which probably just killed my case.

[R. 81].

## **Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 13th day of September, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE